IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SOPHIA JOANNE GIBBONS,**

    **Plaintiff,**

**v.**  //  **CIVIL ACTION NO. 1:06CV75**
                                     **(Judge Keeley)**

**UNITED STATES OF AMERICA,**
**ET AL.**

    **Defendants.**

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

On May 11, 2006, the pro se plaintiff, Sophia Joanne Gibbons ("Gibbons"), filed a civil rights action pursuant to 42 U.S.C. § 1983. On June 6, 2006, the Court referred this matter to United States Magistrate Judge John S. Kaull. Thereafter, the magistrate judge denied Gibbons' two motions to proceed *in forma pauperis*. On July 21, 2006, Gibbons filed a "Third Motion for Leave to Proceed *In Forma Pauperis*," and on July 24, 2006, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") recommending that Gibbons' third motion be denied and that she be ordered to pay the $350.00 filing fee.

In his R&R, the magistrate Judge noted that in her third application Gibbons indicated that she received $529.00 per month from social security, that her bank statement indicated a direct deposit of $520.00 and a withdrawal on the same date of $519.00

resulting in a balance of $1.00, that she has a mobile home which she valued at $3,000.00 and an automobile which she valued at $2,000.00. Gibbons did not file any supporting documents regarding the value of the mobile home or the automobile with her motion.

Magistrate Judge Kaull also noted that in her application Gibbons explains that a $100.00 per month reduction in her stated earned income from previous applications is due to her alleged inability to continue to work part-time due to the scheduling of "coronal browlift" and "bilateral upper lid blepharoplasty" surgery. The R&R points out that the unsigned surgical estimate allegedly provided by a physician named Dr. William W. Adams describes the procedures in part as follows: "[l]ifting and tightening <u>my</u> forehead by removing excess skin" and "[r]emoval of excess skin and fat from <u>my</u> upper eyelids."[1]

The R&R stated that any party could file objections to the report and recommendation within ten days of being served with a copy and also specifically warned that failure to object would result in the waiver of her appellate rights on this issue. On August 7, 2006, Gibbons filed objections to the Magistrate Judge's report and recommendation.

---

[1] Magistrate Judge Kaull found it "odd that the description of the procedure would have been written in the first person by the doctor or his staff." (Doc. No. 13 at 1.)

2

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Gibbons' objections to the Magistrate Judge's report and recommendation include the following:

1. That her current income is half of the total amount of monthly income that she had when the United States Supreme Court granted her *in forma pauperis* status;

2. That she does not know why the Dr. Adam's described her pending surgery in the "first person" and submitted a copy of the date-stamped envelope in which the estimated surgery costs were mailed to her;

3. That she has been quoted a figure of $500.00 if she were to trade in her car and submitted estimates regarding the value of her mobile home and vehicle; and

4. That it is preposterous to say that she could have saved the money for the filing fee and associated costs over a short period of time because, after her disabled mother who resides in a nursing home out-of-state begged her to come and see her and paid for her air fare, she missed a week and one half's pay from work and received no vacation pay. Gibbons also alleges that even, if she could have borrowed the $350.00 filing fee, the costs associated with serving the documents and the costs of supplying fifty-five copies of documents for service on the defendants would cause a hardship on her.

While Gibbons states in her objections that she has been quoted a trade-in figure of $500.00 for her car, the appraisal estimate attached to her objections shows a value of approximately $1,850.00 for the vehicle. Further, despite the fact that Gibbons provided a July 7, 2006, date-stamped envelope from Dr. William W. Adams office, she failed to submit any information regarding the scheduling of any pending surgery, or the date on which she ceased her part-time work in advance of any surgery.

Therefore, it appears to the Court that Gibbons has not submitted any information that was not thoroughly considered by Magistrate Judge Kaull in his Report and Recommendation. Moreover, upon an independent <u>de</u> <u>novo</u> consideration of all matters now before it, the Court finds that the Report and Recommendation accurately reflects the law applicable to the facts and circumstances presented.

Accordingly, the Court **AFFIRMS** the Report and Recommendation (doc. no. 13), **DENIES** the motion (doc. no. 11) and **ORDERS** the plaintiff to pay the filing fee. Failure to pay the filing fee and other fees totaling $350.00 within thirty (30) days of entry of this order will result in dismissal of this case without prejudice.

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> plaintiff, certified mail, return receipt requested.

Dated: July 12, 2007.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
